Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Based upon confidential information received by correction officials that petitioner was providing legal assistance to other inmates, petitioner’s cell was searched and handwritten legal materials—the content of which matched the content of legal materials confiscated from another inmate—were recovered. A book containing an inscription with a gang-related insignia was also found. As a result, petitioner was charged in one misbehavior report with providing unauthorized legal assistance and in another with possessing gang-related materials. A tier III disciplinary hearing was subsequently conducted with respect to the charges contained in both misbehavior reports. Petitioner was found guilty of both charges and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. Substantial evidence, consisting of the misbehavior reports, testimony adduced at the hearing and documentary evidence, supports the determination finding petitioner guilty of providing unauthorized legal assistance and possessing gang-related materials (see Matter of Belot v Selsky, 56 AD3d 911, 912 [2008]; Matter of Dozier v Selsky, 54 AD3d 1074, 1075 [2008]). Although petitioner maintained that the legal papers found in his possession pertained to a prior incident for which he had been disciplined and that the inscription in the book that was recovered was a passage written by his father having no gang-related meaning, such assertions presented a credibility issue for the Hearing Officer to resolve (see Matter of Perez v Fischer, 69 AD3d 1279, 1279-1280 [2010]; Matter of Murray v Selsky, 58 AD3d 975, 975-976 [2009]). Petitioner further contends that he was not provided notice of the rule prohibiting inmates from possessing gang-related materials and that the finding of guilt on this charge must be annulled. This contention, however, is belied by the testimony of correction officials that the rule in question—not merely a memo relating to sane *738 tions for a violation thereof, as alleged by petitioner—was posted in an area clearly visible to all inmates in accordance with regulatory requirements (see Matter of Yant v Filion, 268 AD2d 923, 924 [2000]; see generally Matter of Cornwall v Fischer, 73 AD3d 1367, 1368 [2010]). Contrary to petitioner’s claim, he was not improperly denied the right to call the general business instructor as a witness at the hearing inasmuch as his testimony would have been irrelevant (see Matter of Lozada v Cook, 67 AD3d 1232, 1233 [2009], lv denied 14 NY3d 706 [2010]; Matter of Gimenez v Artus, 63 AD3d 1461, 1462 [2009]). Petitioner’s remaining contentions, including his claim that he was denied a fair hearing, have been reviewed and found to be without merit.
Peters, J.P., Spain, Stein, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.